IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUAN CORDOVA<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>    PLAINTIFF<br><br>v.<br><br>FAR EAST TACO GRILLE 1, LLC<br>409 15th Street, NE<br>Washington, DC 20002<br><br>SERVE:   Alexander Cho<br>              409 15th Street, NE<br>              Washington, DC 20002<br><br>And<br><br>ALEXANDER CHO<br>409 15th Street, NE<br>Washington, DC 20002<br><br>    DEFENDANTS. | * * * * * * * * * * * * * * * * * * * * * * * | Case No.: |

## COMPLAINT

Plaintiff Juan Cordova ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Far East Taco Grille 1, LLC ("Far East Taco") and Alexander Cho ("Mr. Cho") (together, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the District of Columbia.

2. By participating as named plaintiff in this action, Plaintiff hereby consents to participate in an action to recover unpaid wages and statutory damages under the FLSA, DCMWA, and DCWPA.

3. Far East Taco is a limited liability company formed under the laws of the District of Columbia.

4. At all times relevant to this action, Mr. Cho was the primary owner and controlling member of Far East Taco. In this capacity, Mr. Cho individually:

   a. was personally in charge of managing and controlling all business operations for Far East Taco;

   b. was Plaintiff's most senior manager and supervisor;

   c. oversaw and evaluated Plaintiff's job duties;

   d. made or delegated the decision to hire Plaintiff;

   e. set and determined Plaintiff's job duties and responsibilities;

   f. set and determined Plaintiff's rate and method of pay;

   g. set, controlled, and monitored Plaintiff's work schedule;

   h. maintained or caused to be maintained all work and employment records relating to Plaintiff; and

   i. personally had full authority to fire Plaintiff.

5. At all times relevant, Defendants operated at least two restaurants and one food trucks with commonly owned and interconnected operations and menues in the District of Columbia.

6. All of Plaintiff's job duties giving rise to this action occurred in the District of Columbia.

7. At all times Defendants sold food and beverages that crossed state and international boarders while in the operation of their business and otherwise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

8. At all times, Defendants' had gross annual revenue exceeded $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

9. At all times, Plaintiff and at least two other employees of Defendants were individual employees who, while engaged in employment duties, handled and otherwise worked on goods and materials that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

10. Pursuant to the foregoing, at all times, both Defendants qualified as Plaintiff's "employers" or "joint employers" for purposes of the FLSA, DCMWA, and DCWPA.

11. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

12. Plaintiff was employed by Defendants as a food preparer at Defendants' 409 15th Street, NE, Washington, DC 20002 Far East Taco Grille restaurant location for the period of about August 2013 through about October 12, 2018.

13. While employed, Plaintiff typically and customarily worked Monday through Saturday, from 10:00 AM - 9:30 PM, for a total of about sixty-nine (69) hours per week.

14. While employed, Defendants paid Plaintiff paid partially in check and partially in cash.

15. For the period of December 2015 through about March 2016, Defendants paid Plaintiff a flat salary of $900.00 per week, without any additional or premium wages for overtime hours worked by Plaintiff over forty (40) per week.

16. For the period of about April 2016 through about June 2018, Defendants paid Plaintiff as an hourly employee at the rate of $14.00 per hour for all hours worked including overtime hours worked over forty (40) per week.

17. For the period of about July 2018 through October 2018, Defendants paid Plaintiff as an hourly employee at the rate of $15.00 per hour for all hours worked including overtime hours worked over forty (40) per week.

18. Defendants violated the Federal and District of Columbia overtime compensation laws because Defendants failed to pay Plaintiff overtime wages at the time-and-one-half rate for hours Plaintiff worked per week over forty (40).

19. Defendants owe Plaintiff unpaid overtime wages in the total amount of about Forty-Three Thousand Eight Hundred Sixty-Nine Dollars and Seventy-Five Cents calculated as follows:

| Date Range | Weeks in Date Range | Weekly Salary | Weekly Work Hours | Regular Hourly Rate | Rate Owed Per OT Hour | OT Hours Per Week | Wages Owed Per Week | Wages Owed for Date Range |
|---|---|---|---|---|---|---|---|---|
| December 2015 - March 2016 | 17 | $900.00 | 69 | $22.50 | $33.75 | 29 | $978.75 | $16,638.75 |
| April 2016 - June 2018 | 117 | N/A | 69 | $14.00 | $7.00 | 29 | $203.00 | $23,751.00 |
| July 2018 - October 2018 | 16 | N/A | 69 | $15.00 | $7.50 | 29 | $217.50 | $3,480.00 |
| | | | | | | | TOTAL WAGES OWED | $43,869.75 |

20. At all times, Defendants had actual knowledge of all hours Plaintiff worked (including overtime hours Plaintiff worked) and of the Federal and District of Columbia wage payment and overtime compensation laws.

21. At all times, Defendants had actual knowledge that the rate and method by which Defendants paid (or failed to pay) Plaintiff was in direct violation of Federal and District of Columbia wage payment and overtime compensation laws.

22. At all times, Defendants paid Plaintiff in cash and in check for the very reason that Defendants wanted to conceal their willful, knowing, and ongoing violation of Federal and District of Columbia wage payment and overtime compensation laws.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**

23. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

24. The FLSA required Defendants to pay Plaintiff for overtime worked over forty (40) hours per week at the FLSA required time-and-one-half rate.

25. As set forth above, Defendants failed to pay Plaintiff overtime compensation in compliance with the Federal FLSA time-and-one-half requirements.

26. Defendants' failure to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for unpaid overtime wages in the amount of $43,869.75, or such other amount as is proven at trial, liquidated damages as provided by Federal law, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

27. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

28. District of Columbia law required Defendants to pay Plaintiff for overtime worked over forty (40) hours per week at the DCMWA required time-and-one-half rate.

29. Defendants failed to pay Plaintiff overtime compensation in compliance with the District of Columbia DCMWA time-and-one-half requirements.

30. Defendants' failure to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II, for all unpaid overtime wages in the amount of $43,869.75 or such other

amount as is proven at trial, plus liquidated damages as provided by District of Columbia law (quadruple (4x) damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### DC Wage Payment Act - Unpaid Wages

31. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

32. Under the DCWPA, Defendants were obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

33. Plaintiff performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiff all wages earned and required by District of Columbia law.

34. Defendants' failure to pay Plaintiff wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPA.

35. Defendants' failure to pay Plaintiff all wages earned, owed, and required by law as required by Federal and District of Columbia law and the DCWPA was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count III, for all unpaid wages in the amount of $43,869.75 or such other amount as is proven at trial, plus liquidated damages as provided by statute (quadruple (4x) damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

/s/

Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*